FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 05, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

$53,773.00 U.S. CURRENCY,

Defendants.

No. 4:26-cv-05035-RLP

ORDER GRANTING THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

**ECF No. 11**

****USMS ACTION REQUIRED****

Before the Court is Plaintiff United States of America's Motion for Default Judgment and Final Order of Forfeiture. ECF No. 11. The United States requests that the Court grant default judgment against the interests of Silvia Medina, Xiomara Medina and Yitzell Medina pursuant to Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55(b). *Id.* The United States also moves for entry of a Final Order of Forfeiture that vests in the United States all right, title, and interest in the defendant property. *Id.*

## BACKGROUND

The United States filed a complaint to forfeit and condemn to the use and benefit of the United States the defendant property, $53,773.00, seized by the Federal Bureau of Investigation for violations of Title II of the Controlled Substances Act. ECF No. 1. The United States asserts the currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) because the currency was "furnished and intended to be furnished in exchange for a controlled substance," "proceeds traceable to such an exchange," and "used and intended to be used to facilitate a violation of the Controlled Substances Act." ECF No. 1 at 3. The United States detailed a yearslong investigation of drug trafficking wherein the currency was seized. *Id.*

The United States Marshals Service subsequently seized the currency pursuant to the Court's Warrant of Arrest *In Rem*. ECF Nos. 3, 5. The United States posted notice of this action on an official internet government website from March 25, 2026, to April 23, 2026. ECF No. 6. Additionally, the United States sent notice of the action to potential interested parties Silvia Medina, Xiomara Medina and Yitzell Medina by first-class certified mail to their last known addresses. ECF No. 7.

None of the interested parties have appeared or otherwise participated in the pending action. The Clerk's Office entered an Order of Default on September 2, 2026, ECF No. 10, and none of the parties have responded.

FORFEITURE

Legal Standard

Pursuant to 21 U.S.C. § 881(a)(6), "All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter," are subject to forfeiture to the United States.

To obtain forfeiture, the United States must satisfy three procedural requirements: (1) sufficient complaint; (2) notice to the claimant; and (3) notice publication.

First, *in rem* forfeitures must comply with the Federal Rules of Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G(2) indicates that a complaint for forfeiture must: be verified, state the grounds for subject-matter jurisdiction, *in rem* jurisdiction, and venue; state tangible property's location when seized and when the action is filed; identify the statute under which forfeiture is brought; and "state

sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. G(2).

Second, the government must send notice of the forfeiture action to "any person who reasonably appears to be a potential claimant on the facts known to the government," and the notice "must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(i), (iii). However, while the notice must be sent by means reasonably calculated to reach the claimant, there is no requirement that a potential claimant actually receive notice. *United States v. Real Prop.*, 135 F.3d 1312, 1316 (9th Cir. 1998). Certified mail to the claimant is sufficient. *See id.*

The notice must contain: the date it is sent; the deadline for filing a claim; the deadline for filing an answer or motion; and the name of the government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. G(4)(b)(ii).

Third, the government must publish notice of the action "within a reasonable time after filing the complaint." Fed. R. Civ. P. Supp. G(4)(a)(i). The notice must: "describe the property with reasonable particularity"; "state the times under Rule G(5) to file a claim and to answer"; and "name the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(a)(ii). The published notice must appear "once a week for three consecutive weeks" or "only once if, before the action was filed, notice of nonjudicial forfeiture of the same

property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks." Fed. R. Civ. P. Supp. G(4)(a)(iii).

The government must select "a means of publication reasonably calculated to notify potential claimants of the action," including "publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where the property that was not seized is located," or "in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located," or "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. G(4)(a)(iv).

If the United States satisfies these three procedural requirements, the Court may order forfeiture.

## Analysis

The defendant property, $53,773.00, is forfeitable to the United States under 21 U.S.C. § 881(a)(6) as "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," or "traceable to such an exchange." The United States described a yearslong drug trafficking investigation wherein the currency was traceable to controlled substance exchanges. *See* ECF No. 1.

Additionally, the United States satisfied all three procedural requirements for forfeiture: (1) sufficient complaint; (2) notice to the claimant; and (3) notice publication.

First, the complaint for forfeiture complied with Supplemental Rule G(2) by being verified; stating the grounds for subject-matter jurisdiction, *in rem* jurisdiction, and venue; providing the currency's location when seized and when the action was filed; identifying the forfeiture statute; and sufficiently detailing the facts to support reasonable belief that the government would be able to meet its burden of proof at trial. *See* Fed. R. Civ. P. Supp. G(2).

Second, the government sent notice to the potentially interested parties by first-class certified mail to the parties' last known addresses. ECF No. 7. The government need not provide proof that the parties actually received the notice, and certified mail to the parties' last known address is "means reasonably calculated to reach the potential claimant." *See Real Prop.*, 135 F.3d at 1316; Fed. R. Civ. P. Supp. G(4)(b)(iii). The notice contained the date it was sent, the deadline for filing a claim, the deadline for filing an answer or motion, and the name of the government attorney to be served, as required by Fed. R. Civ. P. Supp. G(4)(b)(ii). ECF No. 7-1.

Third, the government published the action as required by Fed. R. Civ. P. Supp. G(4)(a). ECF No. 6. The notice described the property with reasonable

particularity, stated the deadlines to file a claim and to answer, and named the government attorney to be served. ECF No. 6-2. The notice was published on the official internet government forfeiture site from March 25, 2026, to April 23, 2026, which is at least 30 consecutive days, as required by the rule. ECF No. 6-1.

Thus, the United States has established that the defendant property, $53,773.00, is forfeitable, and the United States has satisfied the procedural requirements for forfeiture.

## DEFAULT JUDGMENT

### Legal Standard

To obtain a default judgment, a party must: (1) "file a motion for entry of default and obtain a Clerk's Order of Default," and (2) "file a motion for default judgment." LCivR 55.

#### 1. Entry of default

An entry of default is proper when affirmative relief is sought against a party "who has failed to plead or otherwise defend." LCivR 55(a); *see* Fed. R. Civ. P. 55(a). The party seeking an entry of default must provide: (1) notice to the party against whom default is sought; and (2) a declaration or affidavit supporting the motion for entry of default. LCivR 55(a)(1)–(2). First, the moving party must provide written notice to the party against whom default is sought at least fourteen days before filing the motion for entry of default. LCivR 55(a)(1). Second, the

moving party must file a declaration or affidavit documenting that: (a) the party against whom default is sought was properly served; (b) the party failed to timely plead or otherwise defend; and (c) proper notice was accomplished. LCivR 55(a)(2). The Clerk of Court will then consider the Motion for Entry of Default.

2. Default Judgment

After obtaining the Clerk's Order of Default, the moving party may seek a default judgment from the Court. To do so, the moving party must file a motion for default judgment and must indicate by declaration or affidavit: (a) whether the party against whom default judgment is sought "is an infant or incompetent person, and if so, whether that person is represented by a general guardian, conservator, or other like fiduciary"; and (b) "that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply." LCivR 55(b)(1). Additional steps are required if (a) or (b) are applicable. *Id.*

When considering a motion for default judgment, the Court must first confirm it has jurisdiction to enter default judgment. "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" to "determine whether it has the power . . . to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

If jurisdiction is proper, the Court has discretion to decide whether to enter a default judgment. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). In deciding whether default judgment is appropriate, the court may consider the "*Eitel*" factors: (1) possibility of prejudice to the plaintiff; (2) merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) sum of money at stake in the action; (5) possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

When considering the *Eitel* factors, the Court must remember that once the clerk enters default against a party, the well-pleaded allegations of the complaint are taken as true, except for allegations related to damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Furthermore, allegations are only true as to those defaulting defendants. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal 2001).

Analysis

The United States filed a motion for entry of default and obtained a Clerk's Order of Default as required by Local Civil Rule 55. ECF Nos. 9–10. Now, the United States requests the Court enter a default judgment against the interests of potential interested parties Silvia Medina, Xiomara Medina and Yitzell Medina.

ECF No. 11. The United States has satisfied both the procedural and substantive requirements for a default judgment.

First, the United States satisfied the procedural requirements for a default judgment. The United States satisfied Local Civil Rule 55(b)(1) by: (1) providing adequate notice to the interest parties of the United States' intent to seek an entry of default, ECF Nos. 9-2, 9-3, 9-4; and (2) indicating by declaration that the interested parties are not infants or incompetent persons, nor are they within the purview of the Servicemembers Civil Relief Act, ECF No. 11-1. Additionally, the Court has jurisdiction to enter judgment in this case. Subject matter jurisdiction is proper under 28 U.S.C. § 1355 because this action is for forfeiture incurred under 21 U.S.C. § 881(a)(6). *In rem* jurisdiction is proper because the United States Marshals Service seized the subject property, ECF No. 5. *See United States v. Nasri*, No. 22-55685, 2026 WL 2591865, at *4 (9th Cir. Sept. 2, 2026) (describing that *in rem* jurisdiction typically requires seizure of the property). Finally, venue is proper under 28 U.S.C. §§ 1355 and 1395 because the action was brought in the district court for the district in which the acts giving rise to the forfeiture occurred.

Second, the Court will exercise its discretion to grant default judgment because the *Eitel* factors weigh in favor of default judgment. When considering the *Eitel* factors, the Court notes again that once the clerk enters default against a party, the well-pleaded allegations of the complaint are taken as true, except for

allegations related to damages. *See Geddes*, 559 F.2d at 560. Furthermore, allegations are only true as to those defaulting defendants. *Shanghai Automation Instrument Co., Ltd.*, 194 F. Supp. 2d at 1000.

### 1. Possibility of prejudice to the plaintiff

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted). Without default judgment, the United States will have no other opportunity to establish its right to the defendant property. Accordingly, this *Eitel* factor weighs in favor of default judgment.

### 2. Merits of the plaintiff's substantive claim and sufficiency of the complaint

The second and third *Eitel* factors are often weighed together. *See Curtis*, 33 F. Supp. 3d at 1211. The United States has sufficiently alleged a forfeiture claim in the complaint. As described above, the United States detailed a yearslong drug trafficking investigation wherein the subject currency was seized as traceable to controlled substance exchanges. Therefore, these *Eitel* factors weigh in favor of default judgment.

\\

\\

### 3. Sum of money at stake in the action

While the amount of funds seized is substantial, the currency is alleged to be related to drug trafficking. Therefore, this *Eitel* factor weighs in favor of default judgment.

### 4. Possibility of a dispute concerning material facts

The possibility of dispute concerning material facts is low because the complaint is well-pleaded, and the potentially interested parties have not made any claims to the currency. Thus, this *Eitel* factor weighs in favor of default judgment.

### 5. Whether default was due to excusable neglect

"Generally, courts do not find excusable neglect when defendants were properly served with the complaint." *BMO Bank N.A. v. Raiden, LLC*, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) (citation omitted). There is no indication that default was due to excusable neglect. The United States provided reasonable notice to the claimants, and they have failed to respond. This *Eitel* factor weighs in favor of default judgment.

### 6. The strong public policy underlying the Federal Rules of Civil Procedure favoring decision on the merits

While default judgments are disfavored, *Eitel*, 782 F.2d at 1472, the claimants' failure to appear has made a decision on the merits impossible. While this *Eitel* factor inherently weighs against default judgment, "the mere existence

of" Federal Rule of Civil Procedure 55(b) "indicates that this *Eitel* factor is not alone dispositive." *Curtis*, 33 F. Supp. 3d at 1213 (quoting *Microsoft Corp. v. Lopez*, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009)) (quotation marks and alteration omitted). "[W]here a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec. Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). Accordingly, this *Eitel* factor does not preclude default judgment.

CONCLUSION

The United States has established that the defendant property, $53,773.00, is forfeitable, and the United States provided proper notice of the sufficiently alleged complaint for forfeiture. Additionally, the United States satisfied the procedural requirements for default judgment, and the substantive considerations weigh in favor of default judgment. Thus, the Court grants default judgment against the interested parties, and the $53,773.00 shall be forfeited to the United States.

**Accordingly, IT IS ORDERED:**

1. The United States' Motion for Default Judgment and Final Order of Forfeiture, **ECF No. 11,** is **GRANTED.**

2. A default judgment is entered against the interests of Silvia Medina, Xiomara Medina and Yitzell V. Medina.

3. The defendant property, $53,773.00, is forfeited to the United States, and no right, title, or interest shall exist in any other person or entity.

4. The United States Marshals Service shall dispose of the forfeited property described herein in accordance with law.

5. The Court shall retain jurisdiction in the case for the purpose of enforcing or amending this order.

6. All deadlines and hearings in this case are **STRICKEN**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to counsel, and CLOSE the case.

DATED October 5, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE